```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  LAUREL D. WHITE
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2780
 5
 6
 7
 8           IN THE UNITED STATES DISTRICT COURT FOR THE
 9                  EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )   2:08-cr-287-JAM
                                 )
12           Plaintiff,          )   PRELIMINARY ORDER OF
                                 )   FORFEITURE
13      v.                       )
                                 )
14  DANIEL ARAM ZABLOCKI,        )
                                 )
15           Defendant.          )
    _____)
16
```

17     Based upon the plea agreement entered into between plaintiff
18 United States of America and defendant Daniel Aram Zablocki it is
19 hereby

20     ORDERED, ADJUDGED AND DECREED as follows:

21     1.  Pursuant to 18 U.S.C. § 2253, defendant Daniel Aram
22 Zablocki's interest in the following property shall be condemned
23 and forfeited to the United States of America, to be disposed of
24 according to law:

      a)  Maxtor Diamond Max Plus 9, Model 6Y120M013600A, SN Y3N36HCE, 120 GB hard drive;

      b)  Western Digital Model WD360GD-00FLA2, SN WMAKE1655122, 36.7GB hard disk drive;

      c)  Western Digital Model WD400BB-00JHCO,

|    |    |    |
|----|----|----|
| 1  |    | SN WMAMC6592115, 40 GB hard disk drive; |
| 2  | d) | Western Digital Model WD300AB-00BVA0, SN WMA8Y1018416, 30 GB Hard disk drive; |
| 3  |    |    |
| 4  | e) | Quantum Fireball 1CT Model 20.4AT LB20A891, SN 174935916599, TAZXX, 20 GB Hard disk drive; |
| 5  | f) | ASUS Desktop computer tower; and |
| 6  | g) | Kodak EasyShare DX7630 Digital Camera, SN KCKDC43404884. |

2.   The above-listed property constitutes or is traceable to gross profits or other proceeds obtained directly or indirectly from a violation of 18 U.S.C. §§ 2251(a) and 2252 (a)(4)(B), or was used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B).

3.   Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the United States, in its secure custody and control.

4.   a.   a.   Pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(n), and Local Rule 83-171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as

1 | to those persons so notified.

2 |   b.  This notice shall state that any person, other than
3 | the defendant, asserting a legal interest in the above-listed
4 | property, must file a petition with the Court within sixty (60)
5 | days from the first day of publication of the Notice of
6 | Forfeiture posted on the official government forfeiture site, or
7 | within thirty (30) days from receipt of direct written notice,
8 | whichever is earlier.

9 |  5.  If a petition is timely filed, upon adjudication of all
10 | third-party interests, if any, this Court will enter a Final
11 | Order of Forfeiture pursuant to 18 U.S.C. § 2253 in which all
12 | interests will be addressed.

13 |  SO ORDERED this 25th  day of September, 2008.

/s/ John A. Mendez
HON. JOHN A. MENDEZ
United States District Judge